IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DIANNE LODEN, individually and on behalf
of all wrongful death beneficiaries of JEFFREY A. DAVIS        PLAINTIFF

VS.                              CIVIL ACTION NO. 4:18-CV-118-DMB-JMV

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.                                  DEFENDANTS

## ANSWER AND DEFENSES

COMES NOW, Defendant, Mississippi Department of Corrections ("MDOC"), by and through counsel, and submits its Answer and Defenses to the Plaintiff's Complaint [1] and would show unto the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering Defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Answering Defendant specifically asserts and invokes all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Answering Defendant would affirmatively aver that Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, answering Defendant invokes each and every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

**SIXTH DEFENSE**

Answering Defendant denies that it has been guilty of any actionable conduct.

**ADMISSIONS AND DENIALS**

**COMPLAINT [1]**

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint [1], paragraph by paragraph, as follows:

**THE PARTIES**

1. Answering defendant admits, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2. Answering defendant admits the allegations of paragraph 2 of Plaintiff's Complaint.

3. Answering defendant admits, upon information and belief, the allegations of paragraph 3 of Plaintiff's Complaint.

4. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint and, as such, denies the same.

## JURISDICTION AND VENUE

5. Answering defendant denies this Court has jurisdiction over this matter.

6. Answering defendant admits venue would be proper in this matter.

## CAUSE OF ACTION

7. Answering defendant denies the allegations of paragraph 7 of Plaintiff's Complaint.

8. Answering defendant denies the allegations of paragraph 8 of Plaintiff's Complaint.

9. Answering defendant denies the allegations of paragraph 9 of Plaintiff's Complaint.

10. Answering defendant denies the allegations of paragraph 10 of Plaintiff's Complaint.

11. Answering defendant denies the allegations of paragraph 11 of Plaintiff's Complaint.

12. Answering defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13. Answering defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

14. Answering defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

15. Answering defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

17. Answering defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

18. Answering defendant denies the allegations of paragraph 18 of Plaintiff's Complaint.

19. Answering defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

20. Answering defendant denies the allegations of paragraph 20 of Plaintiff's Complaint.

21. Answering defendant denies the allegations of paragraph 21 of Plaintiff's Complaint.

22. Answering defendant denies the allegations of paragraph 22 of Plaintiff's Complaint.

23. Answering defendant denies the allegations of paragraph 23 of Plaintiff's Complaint.

24. Answering defendant denies the allegations of paragraph 24 of Plaintiff's Complaint.

25. Answering defendant denies the allegations of paragraph 25 of Plaintiff's Complaint.

26. Answering defendant denies the allegations of paragraph 26 of Plaintiff's Complaint.

27. Answering defendant denies the allegations of paragraph 27 of Plaintiff's Complaint.

28. Answering defendant denies the allegations of paragraph 28 of Plaintiff's Complaint.

29. Answering defendant denies the allegations of paragraph 29 of Plaintiff's Complaint.

30. Answering defendant denies the allegations of paragraph 30 of Plaintiff's Complaint.

31. Answering defendant denies the allegations of paragraph 31 of Plaintiff's Complaint.

32. Answering defendant denies the allegations of paragraph 32 of Plaintiff's Complaint.

**(Claim 1 – Fourteenth Amendment)**

33. Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-32 hereinabove as if the same were specifically set out herein.

34. Answering defendant denies the allegations of paragraph 34 of Plaintiff's Complaint.

**(Claim 2 – MTCA Wrongful Death Reckless Disregard)**

35.     Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-34 hereinabove as if the same were specifically set out herein.

36.     Answering defendant denies the allegations of paragraph 36 of Plaintiff's Complaint.

37.     Answering defendant denies the allegations of paragraph 37 of Plaintiff's Complaint.

38.     Answering defendant denies the allegations of paragraph 38 of Plaintiff's Complaint.

**(Claim 3 – Intentional Infliction of Emotional Distress)**

39.     Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-38 hereinabove as if the same were specifically set out herein.

40.     Answering defendant denies the allegations of paragraph 40 of Plaintiff's Complaint.

41.     Answering defendant denies the allegations of paragraph 41 of Plaintiff's Complaint.

**(Claim 4 – Negligence)**

42.     This claim is directed to a defendant other than the answering defendant, but to the extent a response is required answering defendant denies the allegations of paragraph 42 of Plaintiff's Complaint.

43. This claim is directed to a defendant other than the answering defendant, but to the extent a response is required answering defendant denies the allegations of paragraph 43 of Plaintiff's Complaint.

44. This claim is directed to a defendant other than the answering defendant, but to the extent a response is required answering defendant denies the allegations of paragraph 44 of Plaintiff's Complaint.

45. This claim is directed to a defendant other than the answering defendant, but to the extent a response is required answering defendant denies the allegations of paragraph 45 of Plaintiff's Complaint.

**(Damages)**

46. Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-45 hereinabove as if the same were specifically set out herein.

47. Answering defendant denies the allegations of paragraph 47 of Plaintiff's Complaint.

48. Answering defendant denies the allegations of paragraph 48 of Plaintiff's Complaint.

49. Answering defendant denies the allegations of paragraph 49 of Plaintiff's Complaint, including subparts "a." through "n." thereunder.

As for the last unnumbered paragraph which commences "WHEREFORE PREMISES CONSIDERED…," answering defendant denies each and every allegation contained therein, including subparts "1." through "7." thereunder, and would

affirmatively aver that the Plaintiff is not entitled any relief whatsoever. Further, answering defendant denies any allegation in this Complaint not specifically admitted herein.

### SEVENTH DEFENSE

Defendant's actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

### EIGHTH DEFENSE

Defendant reserves the right to seek leave to amend its Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

### NINTH DEFENSE

Defendant is entitled to and hereby affirmatively pleads its immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

### TENTH DEFENSE

Defendant specifically denies that it has willfully violated any law in any manner or respect whatsoever and denies that it is liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

### ELEVENTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies all allegations asserted by Plaintiff against them as set forth in the Complaint, except to the extent specifically admitted herein, and demands strict proof thereof.

**TWELFTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

**THIRTEENTH DEFENSE**

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**FOURTEENTH DEFENSE**

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

**FIFTEENTH DEFENSE**

Defendant cannot be held vicariously liable in this action. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691–95, 98 S. Ct. 2018, 2036–38, 56 L. Ed .2d 611 (1978).

**SIXTEENTH DEFENSE**

Defendant also asserts, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction,

arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

And now, having fully answered the allegations of Plaintiff's Complaint, and having set forth their defenses thereto, Defendant denies that the Plaintiff is entitled to any relief against it in any form or amount, whatsoever, and hereby moves the Court for entry of an order and final judgment dismissing this cause of action against them with prejudice, with all costs assessed to the Plaintiff. Finally, Defendant moves for general and such other relief as the Court deems appropriate herein.

**DATE: AUGUST 15, 2018**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,** *Defendant*

**JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

BY: *J. Chadwick Williams*
J. CHADWICK WILLIAMS (MSB #102158)

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Email: cwill@ago.state.ms.us
Telephone: (601) 359-3680
Facsimile: (601) 359-2003

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which will automatically send notice to all counsel of record.

This the 15th day of August, 2018.

*J. Chadwick Williams*