IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DIANNE LODEN, individually and on behalf**                **PLAINTIFF**
of all wrongful death beneficiaries of
JEFFREY A. DAVIS

**VS.**                               **Civil Action No. 4:18-CV-118-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS; CENTURION OF
MISSISSIPPI, LLC; and DEFENDANTS
DOES 1-10**                                                         **DEFENDANTS**

## ANSWER AND DEFENSES OF DEFENDANT CENTURION OF MISSISSIPPI, LLC

Defendant Centurion of Mississippi, LLC files its Answer and Affirmative Defenses to Plaintiff Diane Loden's ("Plaintiff") Complaint, and in support thereof, states the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against Centurion which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Centurion specifically asserts and invokes all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

1

Centurion was not deliberately indifferent to the serious medical needs of Jeffrey A. Davis ("Decedent") and thus did not violate his Constitutional Due Process Rights.

## FOURTH DEFENSE

Centurion did not violate Plaintiff's Constitutional Rights.

## FIFTH DEFENSE

Plaintiff's Complaint is barred to the extent Decedent failed to comply with the Administrative Remedy Program.

## SIXTH DEFENSE

Centurion is not responsible for the acts and omissions of any other person.

## SEVENTH DEFENSE

The facts having not been developed, Centurion, to the extent applicable, asserts all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## EIGHTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of the Plaintiff's own acts.

## NINTH DEFENSE

Centurion asserts any alleged conduct or omission on its part was not the cause of injury alleged by Plaintiff.

**TENTH DEFENSE**

Plaintiff's claims against Centurion are barred in whole or in part, because Decedent's and Plaintiff's injuries, if any, were caused by an independent intervening cause(s) which Centurion did not control, have a right to control, or have any influence over.

**ELEVENTH DEFENSE**

Centurion at all times acted in conformity with or exceeded the applicable minimally acceptable standard of care, which would be rendered by a reasonably prudent person under the same or similar circumstances.

**TWELFTH DEFENSE**

Centurion is immune under the federal doctrine of qualified immunity.

**THIRTEENTH DEFENSE**

Centurion is immune under Mississippi State Law.

**FOURTEENTH DEFENSE**

Centurion is immune from liability under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1, et seq. (Rev. 2002 & Supp. 2011).

**FIFTEENTH DEFENSE**

Decedent did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e (a).

**SIXTEENTH DEFENSE**

To the extent that Plaintiff's Complaint is making a claim under state law for medical negligence, Plaintiff has failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law, Miss. Code Ann. § 11-1-65(a), (c) (Supp. 2007), and Plaintiff did not attach the Notice required by Miss. Code Ann. § 15-1-36(15) (Rev. 2003), and Plaintiff did not attach the Certificate required by Miss. Code Ann. § 11-1-58 (Supp. 2007).

### SEVENTEENTH DEFENSE

Alternatively, Centurion demands application of Miss. Code Ann. § 85-5-7 (1972) and the appropriate apportionment of damages to all parties who may be liable to Plaintiff in direct proportion to their individual or respective percentage of fault or negligence.

### EIGHTEENTH DEFENSE

Any and all of Decedent's alleged injuries and damages were caused by independent, intervening or superseding acts or omissions of others for whose actions Centurion has no liability, vicariously or otherwise, thus reducing any recovery to which the Plaintiff may be entitled against Centurion under the doctrine of comparative negligence. Miss. Code Ann. § 11-7-15 (1972).

### NINETEENTH DEFENSE

Centurion pleads all applicable provisions of the Prison Litigation Reform Act as a bar to Plaintiff's claims, and as a limitation of liability which is denied.

### TWENTIETH DEFENSE

Centurion asserts that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### RESERVATION OF DEFENSES

Centurion reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during the trial of this cause.

### GENERAL DENIAL

To the extent not expressly admitted above, Centurion denies each and every other allegation in the Complaint which makes a claim against it. Centurion denies any claim or allegation that it committed any wrongfully act or omission, or otherwise committed any wrong

against Plaintiff or Decedent. Centurion further denies any claim or allegation that it denied Decedent needed medical care or that it acted with deliberate indifference to any serious medical need of Decedent. Centurion also denies that it denied Decedent due process or any other right. Centurion further denies that the Plaintiff is entitled to any relief whatsoever.

## ANSWER

Without waiving any of the defenses asserted herein, Centurion answers the Complaint's allegations, paragraph by paragraph, as follows:

## THE PARTIES

1. Centurion lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint, and therefore denies same.

2. The allegations in Paragraph 2 of the Complaint are directed at a defendant other than Centurion, and therefore not response is required. To the extent a response is required, Centurion denies the allegations in Paragraph 2.

3. Centurion admits the allegations of Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint are directed at a defendant other than Centurion, and therefore not response is required. To the extent a response is required, Centurion denies the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 state conclusions of law to which no response is required. To the extent a response is required, Centurion denies this Court has jurisdiction over this matter.

6. Upon information and belief, Centurion admits that this Court appears to be a proper venue, but reserves the right to contest venue should discovery reveal otherwise.

**CAUSE OF ACTION**

7. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies same.

8. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies same.

9. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies same.

10. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies same.

11. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore denies same.

12. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies same.

13. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies same.

14. Centurion denies the allegations in Paragraph 14 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 14 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

15. Centurion denies the allegations in Paragraph 15 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 15 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

16. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint, and therefore denies same.

17. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint, and therefore denies same.

18. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies same.

19. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint, and therefore denies same.

20. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore denies same.

21. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint, and therefore denies same.

22. At this time, Centurion lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint, and therefore denies same.

23. Centurion denies the allegations in Paragraph 23 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 23 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

24. Centurion denies the allegations in Paragraph 24 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 24 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

25. Centurion denies the allegations in Paragraph 25 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 25 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

26. Centurion denies the allegations in Paragraph 26 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 26 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

27. Centurion denies the allegations in Paragraph 27 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 27 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

28. Centurion denies the allegations in Paragraph 28 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 28 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

29. Centurion denies the allegations in Paragraph 29 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 29 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

30. Centurion denies the allegations in Paragraph 30 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 30 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

31. Centurion denies the allegations in Paragraph 31 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 31 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

32. Centurion denies the allegations in Paragraph 32 of the Complaint that pertain to Centurion. The remaining allegations contained in Paragraph 32 do not concern Centurion, thus no response is required. To the extent a response is required, Centurion denies the allegations.

### Claim I – Fourteenth Amendment

33. Centurion restates and incorporates each of its responses to each of the allegations as set forth above.

34. Centurion denies the allegations in Paragraph 34 of the Complaint.

### Claim 2 – MTCA Wrongful Death Reckless Disregard

35. Centurion restates and incorporates each of its responses to each of the allegations as set forth above.

36. Centurion denies the allegations in Paragraph 36 of the Complaint.

37. Centurion denies the allegations in Paragraph 37 of the Complaint.

38. Centurion denies the allegations in Paragraph 38 of the Complaint.

### Claim 3 – Intentional Infliction of Emotional Distress

39. Centurion restates and incorporates each of its responses to each of the allegations as set forth above.

40. Centurion denies the allegations in Paragraph 40 of the Complaint.

41. Centurion denies the allegations in Paragraph 41 of the Complaint.

### Claim 4 - Negligence

42. Centurion denies the allegations in Paragraph 42 of the Complaint as stated.

43. Centurion denies the allegations in Paragraph 43 of the Complaint.

44. Centurion denies the allegations in Paragraph 44 of the Complaint.

45. Centurion denies the allegations in Paragraph 45 of the Complaint.

### Damages

46. Centurion restates and incorporates each of its responses to each of the allegations as set forth above.

47. Centurion denies the allegations in Paragraph 47 of the Complaint.

48. Centurion denies the allegations in Paragraph 48 of the Complaint.

49. Centurion denies the allegations in Paragraph 49 of the Complaint, including subparagraphs a through n thereunder.

Centurion denies the allegations in the unnumbered paragraph titled "WHEREFORE, PREMISES CONSIDERED", including subparts 1-7, and denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Centurion of Mississippi, LLC denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that the Court enter an Order and Final Judgment dismissing the Plaintiff's Complaint, with prejudice, and such other relief as the Court deems appropriate.

Respectfully submitted, this the 22nd day of August 2018.

/s/ *Stevie F. Rushing*
Stevie F. Rushing (MSB# 105534)
Molly M. Walker (MSB# 100689)
srushing@bradley.com
mmwalker@bradley.com

ATTORNEYS FOR CENTURION OF MISSISSIPPI, LLC

OF COUNSEL
Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capitol Street, Suite 400
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 22, 2018, I filed the foregoing via the Court's CMC/ECF system, which will deliver copies to all counsel of record.

                                                /s/ *Stevie F. Rushing*
                                                OF COUNSEL